BEFORE THE FIRST DIVISION, APRIL 2, 1963

**No. 67546.**—W. J. Byrnes & Co., Inc. *v.* United States, protest 61/16623 (San Francisco).

OLIVER, Chief Judge:   The merchandise the subject of this protest was entered on March 20, 1961, under an informal entry which described it as—

ART. BIRDS W/FEATHERS

dutiable at the rate of 50 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930.   Presumably, duties were paid on that basis.

Under informal entry procedures, the entry was liquidated and the merchandise was assessed with duty at the rate of 21 cents per pound and 17 per centum ad valorem under the provision in paragraph 1539(b) of the Tariff Act of 1930, as modified by T.D. 54108, for manufactures wholly or in chief value of a product of which a synthetic resin or resinlike substance is the chief binding agent.   This liquidation, it would seem, should have resulted in a refund of part of the duties paid, but, according to the statement of counsel for the plaintiff made when the case was called for hearing, no refund was ever made to the importer for the difference between the duties paid upon entry and those found to be due upon liquidation.

As originally filed, the protest claim reads as follows:

WITH REGARD TO THE BELOW MENTIONED ENTRY WHICH WE BELIEVE WAS ENTERED IN ERROR AND THAT A REFUND SHOULD BE ISSUED.   ENTERED AT PAR. 1518 AT 50 PERCENT ARTIFICIAL FLOWERS FABRIC SHOULD BE MANUFACTURES OF FEATHERS UNDER PAR. 1518   17 PERCENT AND A REFUND IS THUS DUE     WE ASK FOR IMMEDIATE LIQUIDATION OF THIS ENTRY AND AN APPROPRIATE REFUND ISSUED.

At the trial, the protest was amended by adding to it a claim that the merchandise was "dutiable at 17 percent and 21 cents per pound, under Paragraph 1539(a)."

When the case was called for trial, counsel for the plaintiff made an opening statement as above outlined, and moved in evidence the official papers.   The Government offered no objection to the motion, and the said papers were

received in evidence without marking. The case was thereupon submitted for decision with the request that no briefs be required to be filed.

It appears to the court that the question of the correct classification of the merchandise is moot, inasmuch as the paragraph and rate claimed under the protest amendment are those under which the entry was liquidated by the collector. Consequently, a judgment by this court with respect to such classification can have no effect. On the other hand, there is nothing before the court, excepting the statement of counsel for the plaintiff, which establishes that any refund is due to the plaintiff. Counsel for the Government did not join in the statement of counsel for the plaintiff; there is no stipulation as to the facts of the matter, and the official papers do not establish, one way or the other, whether a refund, if due, was not paid or offset by other claims of the Government.

On the record presented, the court is of the opinion that the record before it is insufficient to support a judgment that the entry be reliquidated, making refund of excess duties paid to the plaintiff. The protest is, accordingly, overruled and judgment will issue accordingly.